IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RAUL ANTHONY MARQUEZ § | | |
|     TDCJ-CID #1456660 § | | |
| v. § | | C.A. NO. C-13-023 |
| § | | |
| RICK THALER § | | |

**MEMORANDUM AND RECOMMENDATION TO GRANT
PETITIONER'S MOTION TO DISMISS HIS HABEAS PETITION**

Petitioner is a state inmate currently incarcerated at the McConnell Unit in Beeville, Texas who has filed a habeas petition pursuant to 28 U.S.C. § 2254. (D.E. 1). Pending is his motion to voluntarily dismiss his habeas petition. (D.E. 7).

Petitioner's action was docketed on January 28, 2013. (D.E. 1). On January 29, 2013, a notice of deficient pleading was sent to petitioner indicating that he either had to pay the $5 filing fee, or file a motion to proceed *in forma pauperis* within twenty days of the date of the notice. (D.E. 4). He was also notified that his action could be dismissed for failing to comply with the notice. Id. On February 8, 2013, the Court received confirmation that petitioner received this notice on February 1, 2013. (D.E. 5).

On February 12, 2013, an order to show cause was issued regarding petitioner's failure to pay the $5 filing fee, or filed a motion to proceed *in forma pauperis*. (D.E. 6). In response to that show cause order, he filed the pending motion.

Petitioner's motion is construed as filed pursuant to Rule 41 of the Federal Rules of Civil Procedure: "Subject to the provisions of Rules 23(e), 23.1(c), 23.2, and 66, and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing (i) a notice of dismissal before the opposing party serves either any answer or a motion for summary

judgment." Fed. R. Civ. P. 41(a)(1)(A)(i).  The Fifth Circuit has established that a "plaintiff has the right to file a notice of dismissal at any time before the defendant has filed either an answer or a motion for summary judgment" pursuant to Rule 41(a)(1).  Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc., 434 F.3d 320, 324 (5th Cir. 2005).  Moreover, a "plaintiff has an 'absolute right' to a Rule 41(a)(1) dismissal."  Id.

Here, service of process of petitioner's habeas petition has not been ordered. Consequently, respondent has neither filed an answer, nor filed a dispositive motion.

Accordingly, it is respectfully recommended that petitioner's motion to voluntarily dismiss his habeas petition, (D.E. 7), be GRANTED.  Furthermore, it is respectfully recommended that his petition be dismissed without prejudice.

ORDERED this 28th day of February 2013.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b)(3) of the Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).